## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L.C., | : |
| | : |
| Plaintiff | :     No. 17-989 -MAK |
| | : |
| v. | :     The Honorable Mark A. |
| | :     Kearney |
| LAUREL SCHOOL DISTRICT | : |
| | : |
| Defendant | : |

## MEMORANDUM OF LAW IN SUPPORT OF JOINT
## MOTION FOR APPROVAL OF SETTLEMENT INVOLVING A MINOR

Caitlin E. McAndrews, Esquire
DE Bar ID #: 6179
MCANDREWS LAW OFFICES, P.C.
Foulk & Wilson Professional Centre
910 Foulk Road, Suite 200
Wilmington, DE 19803
T: 302-380-4975
F: 302-888-2118

Michael E. Gehring, Esquire
MCANDREWS LAW OFFICES, P.C.
30 Cassatt Avenue
Berwyn, PA  19312

Counsel for Plaintiff

Allyson Britton DiRocco, Esquire
DE Bar ID #: 4830
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
P.O. Box 2306
Wilmington, DE 19899-1266
T: 302-888-5210
F: 302-571-1750

Counsel for Defendant

## TABLE OF CONTENTS

I.      NATURE AND STAGE OF PROCEEDINGS ................................. 1

II.     SUMMARY OF ARGUMENT ............................................. 1

III.    STATEMENT OF RELEVANT FACTS .................................... 1

IV.     ARGUMENT ......................................................... 4

        THE SETTLEMENT IS FAIR AND REASONABLE, AND IS IN L.C.'S BEST
        INTERESTS, AND SHOULD BE APPROVED ............................... 4

        A.      Fairness of Settlement . ............................................ 4

        B.      Reasonableness of Counsel Fees . .................................... 5

V.      CONCLUSION ...................................................... 7

# TABLE OF AUTHORITIES

## CASES                                                                    PAGE(S)

Barlow v. Finegan, 76 A.3d 803 (Del. Supr. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Henderson v. Nationwide Mutual Ins. Co., 2001 WL 43648 (E.D. Pa. Jan. 4, 2001) . . . . . . . . 6

Johnson v. Clearfield Area School Dist., 319 F. Supp.2d 583 (E.D. Pa. 2004) . . . . . . . . . . . . . 7

L.C. v. Laurel School Dist., __ F. Supp.3d __,
      2018 WL 146225 (D. Del. March 23, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Lee v. Victoria's Secret, LLC, 2012 WL 628015 (E.D. Pa. Feb. 27, 2012) . . . . . . . . . . . . . . . 5

Nice v. Centennial Area School Dist., 98 F. Supp.2d 665 (E.D. Pa. 2000) . . . . . . . . . . . . . . 5, 6

Robidoux v. Rosengren, 638 F.3d 1177 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Schaffer v. Weast, 546 U.S. 49 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## FEDERAL STATUES

20 U.S.C. § 1400, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

20 U.S.C. § 1415(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

20 U.S.C. § 1415(i)(3)(B)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

## FEDERAL REGULATIONS

34 C.F.R. § 300.502(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATE REGULATIONS

14 Del. Admin. Code § 922 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

14 Del. Admin. Code § 926.2.0 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

14 Del. Admin. Code § 926.2.4.1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## I.    NATURE AND STAGE OF PROCEEDINGS

This matter is before the Court on the parties' Joint Motion for Approval of Settlement Involving a Minor.

## II.    SUMMARY OF ARGUMENT

Pursuant to the Settlement Agreement reached between the parties and L.C.'s Educational Surrogate Parent ("ESP") Linda Lett, Defendant Laurel School District (the "District") has agreed to fund three independent assessments – a neuropsychological or psychoeducational evaluation, a psychiatric evaluation, and a Functional Behavioral Assessment ("FBA"). The chosen evaluators are all eminently well-qualified to perform the assessments. The District has also agreed to pay reasonable attorneys' fees in the amount of $75,000. In exchange for this consideration, Plaintiff has agreed to a waiver of claims through the time of the execution of the Agreement, and to not pursue further independent assessments in the areas of Speech/Language and Occupational Therapy, and to accept the District's evaluations in these areas. Through the Settlement Agreement, the federal court litigation will be concluded.

The parties, through their respective counsel, as well as Ms. Lett, all agree that the Settlement Agreement is under all the attendant circumstances a fair and reasonable compromise of Plaintiff's claims, and is in L.C.'s best interests. It should therefore be approved by the Court.

## III.    STATEMENT OF RELEVANT FACTS

Much of the factual and procedural history of this matter was set forth in the Court's March 23, 2018 Memorandum (D.I. 39) and therefore will not be repeated at length herein. In brief, L.C., a now 12-year old child with multiple disabilities brought this action against the District pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq., and its

1

federal and state implementing regulations; and 14 Del. Admin. Code § 922 et seq. This matter originated in Plaintiff's request that the District provide at public expense an Independent Educational Evaluation ("IEE"), including an independent psychiatric assessment, neuropsychological assessment, Speech/Language assessment, Occupational Therapy assessment, and an FBA. The request was based on Plaintiff's disagreement with the November 2015 Evaluation Summary Report ("ESR") performed by the District, which Plaintiff contended was inappropriate on multiple bases, and that she was therefore entitled to the requested IEE pursuant to 14 Del. Admin. Code § 926.2.0; 20 U.S.C. § 1415(b)(1); 34 C.F.R. § 300.502(b)(1); and Schaffer v. Weast, 546 U.S. 49 (2005). The District has at all times maintained that the ESR was appropriate, and that Plaintiff was therefore not entitled to an IEE at public expense.

The District denied the requested IEE and filed a Special Education Due Process complaint against L.C. and her adoptive parents to defend its evaluation pursuant to Del. Admin. Code § 926.2.4.1.1. An evidentiary hearing was held before a Delaware Due Process Hearing Panel (the "Panel"). On April 21, 2017, the Panel issued its Order.

Plaintiff, by and through her-then adoptive parents, B.C. and A.Z., filed the present action seeking reversal of certain aspects of the Panel's Order, and an order that the District is required to fund an IEE consisting of the requested assessments, with the evaluators to be chosen by the parents. However, since the Complaint was filed, the parental rights of L.C.'s former adoptive parents have been voluntarily terminated, and Linda Lett has been appointed L.C.'s ESP through the Delaware Department of Education. This Court, after conducting a best interests hearing and considering the parties' respective briefs, denied the District's motion to dismiss the matter based on lack of standing, and also denied Plaintiff's request that a guardian ad litem be appointed.

2

Plaintiff filed a Motion for Judgment on the Administrative Record, which the parties have fully briefed, but the motion has not been decided by the Court.

The parties, to resolve their dispute, have negotiated the terms of a written Settlement Agreement, and the Settlement Agreement has been signed and executed by the parties and Ms. Lett. A copy of the Settlement Agreement is attached hereto as Exhibit A.[1]

In the Settlement Agreement, the District agreed that it will fund an independent psychoeducational evaluation for L.C. to be performed by licensed psychologist and certified school psychologist Dr. Margaret Kay, or if Dr. Kay is not available, a qualified psychologist or neuropsychologist selected by Linda Lett. Dr. Kay is a Delaware Licensed Psychologist and is also a Nationally Certified School Psychologist. All parties agree that Dr. Kay is eminently qualified to conduct a thorough independent psychoeducational evaluation of L.C., including assessments of her cognitive and neurological functioning. A copy of Dr. Kay's curriculum vitae is attached as Exhibit B.

The District also agreed that it will fund an independent FBA by Amy McGinnis Stango, or if Ms. Stango is not available, a qualified behaviorist selected by Linda Lett. Ms. Stango's curriculum vitae is attached as Exhibit C. Ms. Stango is an experienced behavioral expert, and all parties agree that she is eminently qualified to conduct an independent FBA of L.C.

The District, as is memorialized in the Settlement Agreement, has already funded an independent psychiatric evaluation by L.C.'s regular psychiatrist, Dr. Josephine Elia, in connection with this matter. Dr. Elia has a long familiarity with L.C., has regularly treated her, and was and is

---

[1] To protect the confidentiality of L.C., the exhibits to this motion have been redacted to remove all personally identifying information concerning L.C.

3

well qualified to perform a psychiatric evaluation of L.C.

The District has already performed its own Speech and Language and Occupational Therapy evaluations of L.C., and Plaintiff has agreed that she will not seek further evaluations in these areas at this time.

The District has also agreed to pay attorneys' fees and costs to McAndrews Law Offices in the amount of $75,000. None of this amount will come from L.C. or any of the proceeds of the settlement, and a portion of it will be paid by the District's insurer.

## II.   ARGUMENT

### THE SETTLEMENT IS FAIR AND REASONABLE, AND IS IN L.C.'S BEST INTERESTS, AND SHOULD BE APPROVED.

As this Court stated: "District courts have a special duty, derived from [Rule 17] to safeguard the interests of litigants who are minors." L.C. v. Laurel School Dist., __ F. Supp.3d __, 2018 WL 146225 at *6 (D. Del. March 23, 2018) (citing Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011)). "In the context of compromises involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Id. (internal quotations and footnote omitted). Under Delaware law, the purpose of the requirement of court approval of a settlement of claims reached on behalf of a minor is to protect the minor-litigant's interests and to ensure that a settlement made in the name of a minor is both equitable and just. Barlow v. Finegan, 76 A.3d 803, 806 (Del. Supr. 2013).

### A.     Fairness of Settlement

The parties and their counsel, and L.C.'s ESP, Linda Lett, believe this settlement is fair, reasonable and in the best interests of L.C. As the Court has recognized, the central issue in this

4

matter is the identity of the evaluators who would conduct various assessments of L.C. The parties and Ms. Lett have mutually agreed upon the qualified evaluators who will conduct an independent psychoeducational evaluation of L.C., and an independent FBA, and have further agreed that the District will fund an independent psychiatric evaluation of L.C. (which already has taken place). Although this agreement does not provide Plaintiff all of the relief she sought in this action, Plaintiff, through her counsel and Ms. Lett, believe that the agreed-upon evaluations, in conjunction with the previous evaluations performed by the District, will provide sufficiently comprehensive information to educationally program for L.C. in the future.

Given the uncertainties of litigation; the benefit of obtaining immediate relief for L.C. rather than awaiting the outcome of this action and possible appeals; the fairness of the compromise reached by the parties; and the usefulness of the settlement for L.C., in that it allows her to immediately be provided independent assessments by qualified professional examiners, which will be of great use in L.C.'s future educational programming, all interested parties believe that the settlement is fair and reasonable, and in L.C.'s best interests. Lee v. Victoria's Secret, LLC, 2012 WL 628015 at *3 (E.D. Pa. Feb. 27, 2012) (noting that terms of settlement were fair and reasonable given nature and amount of damages and "potential hurdles to establishing Defendant's liability"); Nice v. Centennial Area School Dist., 98 F. Supp.2d 665, 670 (E.D. Pa. 2000) (court found parties' settlement to be fair, reasonable, and in the best interests of the minor, noting that parties and counsel are typically in the best position to evaluate the settlement, their judgments are entitled to considerable weight, and greater monetary recovery after trial is not certain).

**B.     Reasonableness of Counsel Fees**

Notably, none of the counsel fees to be paid in this matter will be paid either directly or

indirectly by L.C. Rather, all of the fees and costs will be paid by the District (with a portion paid by the District's insurer) directly to McAndrews Law Offices to settle claims for fees pursuant to IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(i). Although McAndrews has incurred fees and costs to date in excess of $125,000 (see invoice attached as Exhibit D), McAndrews has agreed to accept a greatly reduced amount of $75,000 to facilitate the resolution of this matter.

The Court in Henderson v. Nationwide Mutual Ins. Co., 2001 WL 43648 at *2 (E.D. Pa. Jan. 4, 2001) set forth the factors to be considered in determining a reasonable attorneys' fee in a case involving a minor:

> (1) the amount of work performed; (2) the character of the services rendered; (3) the difficulty of problems involved; (4) the importance of the litigation; (5) the degree of responsibility incurred; (6) whether the fund involved was "created" by the attorney; (7) the professional skill and standing of the attorney in her profession; (8) the result the attorney was able to obtain; (9) the ability of the client to pay a reasonable fee for the services rendered; and (10) "very importantly" the amount of money in question."

Id. at *2 (citing Nice v. Centennial Area School Dist., 98 F. Supp.2d 665, 671 (E.D. Pa. 2000).

According to the above factors, the fee requested by McAndrews Law Offices is fair and reasonable. As the Court has recognized, this was a complex case both legally and factually. McAndrews Law Offices and its attorneys are extremely experienced in this area of the law and brought a wealth of expertise to L.C.'s claims. This matter has involved a full due process evidentiary hearing, the filing of this matter to challenge aspects of the Panel's decision, and extensive motion practice involving novel issues of law. This fee sought is especially reasonable given the hours actually expended by Plaintiffs' counsel in this matter. As of May 23, 2018, McAndrews Law Offices has expended more than 340 hours in professional time and incurred over $125,000 in hourly fees in this matter, which is well above the amount of fees sought through this

6

motion. Pursuant to McAndrews' contingency agreement in this matter, McAndrews ran the risk that it might obtain no recovery, and consequently no compensation, under the representation agreement. Lee, 2012 WL 628015 at *5 (in approving attorneys' fees, Court noted that there was a "possibility that Plaintiff might not have received any recovery in this case"); see also Henderson, 2001 WL 43648 at *2 ("having taken this case on a contingent fee basis, counsel ran the risk that they might obtain no recovery, and consequently no compensation under the fee agreement"); Johnson v. Clearfield Area School Dist., 319 F. Supp.2d 583, 591 (E.D. Pa. 2004). This risk became even more pronounced when L.C.'s adoptive parents relinquished legal custody of her and the District sought dismissal of this matter on that basis.

Under the circumstances of this case, especially considering that no portion of the requested attorneys' fees will be paid by L.C. either directly or through the consideration provided to L.C. in the settlement, the amount is fair and reasonable and should be approved.

## III.    CONCLUSION

For the foregoing reasons, the parties respectfully request that the  settlement in this matter be approved.

Respectfully submitted:


/s/Caitlin E. McAndrews
Caitlin E. McAndrews, Esquire
DE Bar ID #: 6179

MCANDREWS LAW OFFICES, P.C.
Foulk & Wilson Professional Centre
910 Foulk Road, Suite 200
Wilmington, DE 19803
T: 302-380-4975

7

F: 302-888-2118

Michael E. Gehring, Esquire
MCANDREWS LAW OFFICES, P.C.
30 Cassatt Avenue
Berwyn, PA  19312

Counsel for Plaintiff

 /s/ Allyson Britton DiRocco
Allyson Britton DiRocco, Esquire
DE Bar ID #: 4830

MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
P.O. Box 2306
Wilmington, DE 19899-1266
T: 302-888-5210
F: 302-571-1750

Counsel for Defendant