# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **L.C.** | : CIVIL ACTION |
| | : |
| v. | : NO. 17-989 |
| | : |
| **LAUREL SCHOOL DISTRICT** | : |

# ORDER

**AND NOW**, this 25th day of May 2018, upon considering the parties' joint Motion for approval of a settlement involving a minor (ECF Doc. No. 46), having carefully reviewed the settlement agreement (ECF Doc. No. 47-1) and the attorney invoice (ECF Doc. No. 47-4) representing necessary effort on behalf of the minor now being fully satisfied by the School District through a compromise payment, and considering all the circumstances involving the minor's best interests in her continuing educational progress, it is **ORDERED** the parties' joint Motion for approval of a settlement involving a minor's education plan (ECF Doc. No. 46) is **GRANTED**, the minor's Motion for judgment on the pleadings (ECF Doc. No. 11) is **DENIED as moot** and the Clerk of Court shall **close** this matter upon our findings:

1.  The settlement agreement (ECF Doc. No. 47-1) allows the minor to obtain three (3) independent assessments by evaluators whom the parties agree are well-qualified;

2.  The District will pay $75,000 in reasonable attorney's fees to the minor's counsel agreeing to release a claim for remaining fees in their invoices and the compromise payment of attorney's fees is reasonable and necessary:

    a. The invoices reflect a significant amount of work involved in a legally and factually complex case and the amount of hours and hourly rates are reasonable relating to the difficulty of this case;

b. The services rendered by the minor's counsel raised complex questions including the legal issues regarding the impact of an appointed educational surrogate parent affecting counsel's ability to proceed with representation and substantial issues concerning the ability to define the appropriate evaluators following a due process hearing;

c. As evidenced during our February 15, 2018 evidentiary hearing, this case presented novel issues of Delaware and federal law, including novel issues for the minor absent her adoptive parents' support and relating to the authority of an educational surrogate parent relative to a child's education plan in light of earlier findings by the due process panel;

d. Counsel incurred fees in excess of $125,000 and agreed to compromise its fees at $75,000;

e. Counsel invested the time and incurred these fees although it agreed to represent the minor on a contingency basis thus running the risk of not receiving payment particularly after L.C.'s adopted parents relinquished legal custody, the Educational Surrogate Parent did not wish to pursue the claim, and the District moved to dismiss for lack of standing;

f. Counsel created the fund through their efforts and notably the payment does not penalize or in any way take money from the minor;

g. Counsel demonstrated the professional skill consistent with their known experience in complex and vitally important issues of federal educational rights;

h. Counsel obtained a result which, with the exception of recovering the full amount of fees (which can never be assured in light of our independent review), provides almost complete relief to the minor by allowing Counsel to participate in and select the level of the evaluators following the due process panel's Order;

      i. The minor, particularly absent her adoptive parents, would be unable to pay a reasonable fee for these services rendered and the District agreed to pay a significant portion of the fees; and,

      j. The amount of fees are reasonable in light of Counsel investing more than 340 hours of professional time to obtain this result.[1]

3. The settlement serves the best interest of the minor as confirmed not only by the minor's Counsel but also by her Educational Surrogate Parent who diligently protected the minor's interest allowing the parties to obtain a compromise ensuring consent on the identity of the evaluators.

*[signature]*
KEARNEY, J.

---

[1] *Henderson v. Nationwide Mutual Ins. Co.*, No. 00-1215, 2001 WL 43648 at *2 (E.D. Pa. Jan 4, 2001) (citing *Nice v. Centennial Area School Dist.*, 98 F. Supp.2d 665, 671(E.D. Pa. 2000)).